VELASQUEZ, Appellant,

v.

GHEE et al., Appellees.

[Cite as *Velasquez v. Ghee* (1994), 99 Ohio App.3d 52.]

Court of Appeals of Ohio,
Lorain County.

No. 94CA005884.

Decided Dec. 7, 1994.

*Jose A. Velasquez, pro se.*

*Lee Fisher,* Attorney General, and *Todd R. Marti,* Assistant Attorney General, for appellees.

BAIRD, Judge.

This cause comes before the court upon the appeal of Jose A. Velasquez ("appellant") from the order of the Lorain County Court of Common Pleas granting the motion of Margaret Ghee, Chairperson, Ohio Adult Parole Board, et al. ("appellee"), to dismiss appellant's complaint for declaratory judgment. We reverse.

Appellant's complaint alleged that appellee violated his rights pursuant to Sections 1 and 16, Article I of the Ohio Constitution in denying him parole. Appellant sought judgment in his favor pursuant to R.C. 2721.02, 2721.03, 2721.09, and 2721.10, as well as compensatory and punitive damages. Appellee moved to dismiss the action pursuant to Civ.R. 12(B)(6), arguing that appellant failed to state a claim for declaratory relief where there was no violation of his constitutional rights and, thus, no justiciable controversy between the parties. The trial court dismissed the action, finding only "that the plaintiff's complaint fails to state a claim upon which relief can be granted."

The trial court failed to respond to appellant's complaint for declaratory judgment as required by R.C. Chapter 2721. "In an action for declaratory judgment, the trial court must declare the rights of the parties or dismiss the

complaint because either (1) no real controversy or justiciable issue exists between the parties or (2) the declaratory judgment will not terminate the uncertainty or controversy." *Miller v. Summit Cty. Bd. of Edn.* (Apr. 7, 1993), Summit App. No. 15847, unreported, at 3, 1993 WL 99998, citing *Fioresi v. State Farm Mut. Auto. Ins. Co.* (1985), 26 Ohio App.3d 203, 203–204, 26 OBR 424, 424–426, 499 N.E.2d 5, 5–7. Where the plaintiff has no right to the relief requested under the facts submitted, the trial court must so state in its judgment entry. *Bruckman v. Bruckman Co.* (1938), 60 Ohio App. 361, 14 O.O. 331, 21 N.E.2d 481.

In the case *sub judice,* the trial court failed to determine the matter of appellant's constitutional rights with respect to parole. A statement that the complaint fails to "state a claim" is insufficient in a declaratory judgment action. Accordingly, we reverse the judgment of the trial court *sua sponte* and remand the cause with instructions to render a declaratory judgment in accordance with R.C. Chapter 2721.

*Judgment reversed*
*and cause remanded.*

REECE, P.J., and COOK, J., concur.