DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert Ross, appeals from the decision of the Lorain County Court of Common Pleas, which dismissed his complaint for declaratory judgment. We affirm.
 I. {¶ 2} On June 18, 1992, a jury convicted Appellant of four offenses and the trial court sentenced him to a prison term for each offense: 15 years to life on count one, 15 years to life on count two, two to five years on count three, and two to five years on count four. However, the sentencing entry was silent on whether these four sentences were to run concurrently or consecutively. On August 20, 1992, the trial court journalized a nunc pro tunc entry, clarifying that the four sentences were to run concurrently.
 {¶ 3} In the interim, Appellant had appealed his conviction to this Court, raising five assignments of error, but none of these alleged errors questioned the sentencing aspect of his case. See State v. Ross
(April 21, 1993), 9th Dist. No. 92CA005422 ("Ross I"). This Court affirmed the trial court on all issues. Id.
 {¶ 4} In September 1996, Appellant sought post-conviction relief, arguing ineffective assistance of counsel. See State v. Ross (June 18, 1997), 9th Dist. No. 96CA006601 ("Ross II"). The trial court denied his motion and this Court affirmed. Id. Appellant did not contest any of the sentencing aspects of his case, or include any mention of the nunc pro tunc entry.
 {¶ 5} In April 2004, Appellant filed a civil complaint in the trial court against Appellee, Gerald A. Innes, Lorain County Prosecutor, seeking a declaratory judgment that the nunc pro tunc entry was improper and thereby invalidated his prison sentence. Appellee moved to dismiss the complaint, and the trial court granted the motion for Appellant's failure to state a claim upon which relief could be granted. Appellant timely appealed to this Court, asserting three assignments of error.
 II. ASSIGNMENT OF ERROR I
"Whether a nunc pro tunc order can be used to supply omitted action." [sic]
 ASSIGNMENT OF ERROR II
"Whether a court of record speaks through its journal or its oral pronouncements, and whether where [the] court' oral pronouncement and its journalized entry are in con flict, that the latter then becomes void." [sic]
 ASSIGNMENT OF ERROR III
"Whether, and where a nunc pro tunc order is used or intended to be used to change the punishment, such *order must recite the entire sentence or risk eliminating the underlying sentence altogether." [sic]
 {¶ 6} Appellant's three assignments of error all raise the same premise, that the trial court's issuance of a nunc pro tunc order is invalid under these circumstances. Although the nunc pro tunc order clarified that Appellant's sentences were to run concurrently, not consecutively, Appellant protests that the invalidity of the order necessitates that both sentences must be "deleted." We disagree.
 {¶ 7} Appellee responds that Appellant's claim is barred by the doctrines of res judicata or laches or real party in interest. From this, Appellee urges this Court to follow the trial court and dismiss the case on the pleadings or for failure to state a claim on which relief can be granted. We find that we need not reach Appellee's alternative arguments, as Appellant's claim is barred by res judicata:
"[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." State v. Szefcyk (1996), 77 Ohio St.3d 93, 96.
Appellant could have raised his protest of the nunc pro tunc clarification of his sentence either on direct appeal or during post-conviction relief. Ross I, 9th Dist. No. 92CA005422; Ross II, 9th Dist. No. 96CA006601. He did not. Appellant has exhausted his opportunities to litigate these issues, and public policy dictates that there be finality to Appellant's conviction. See Szefcyk,77 Ohio St.3d at 95.
 {¶ 8} Appellant's assignments of error are overruled.
 III. {¶ 9} Appellant's assignments of error are overruled and the decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Concurs.