[Cite as *Citibank, N.A. v. Slop*, 2013-Ohio-5331.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Citibank, N.A., as Trustee for<br>Bear Stearns Alt-A Trust 2006-4,<br>Mortgage Pass-Through Certificates,<br>Series 2006-4, | : | |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 13AP-513 |
| | : | (C.P.C. No. 13CV 001577) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Rick A. Slorp et al., | | |
| | : | |
| Defendants-Appellants . | | |
| | : | |

D E C I S I O N

Rendered on December 5, 2013

*Thompson Hine LLP*, *Thomas Wyatt Palmer* and *Stephen D. Williger*, for appellee.

*Doucet & Associates Inc.,* and *Troy J. Doucet*; *Manley Deas Kochalski LLC, Charles R. Janes, Benjamin W. Ogg,* and *Kyle E. Timken*, for appellants Rick A. Slorp and Slorp Properties, LLC.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendants-appellants, Rick A. Slorp and Slorp Properties, LLC ("appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss, pursuant to Civ.R. 41(A)(2), of plaintiff-appellee, Citibank, N.A. ("appellee"). Because the trial court erred in granting the motion prior to the time appellants' time to respond to the motion had lapsed, we reverse.

{¶ 2} Appellants and appellee agree on the facts as outlined herein. Appellee filed a complaint in foreclosure on August 11, 2010 ("first case"). Ultimately, appellee

dismissed the first case pursuant to a Civ.R. 41(A)(1) notice of dismissal. Appellee re-filed the complaint in foreclosure on February 11, 2013 ("re-filed case"). The re-filed case is the subject of this appeal.

{¶ 3} On April 15, 2013, appellants moved to dismiss the re-filed case without prejudice for lack of standing. While this motion was still pending, on May 23, 2013, appellee moved the court to dismiss the case without prejudice pursuant to Civ.R. 41(A)(2). Appellee conceded that it was filing the motion in order "to avoid the possibility of voluntarily dismissing the action twice under Rule 41(A)(1), which might result in an adjudication upon the merits." (Appellee's Motion to Dismiss, 2.) Appellants' counsel contacted the court's staff attorney to inform the judge that he would oppose appellee's motion and to ensure that the court would not grant appellee's motion before giving appellants an opportunity to respond.

{¶ 4} Five days later, on May 28, 2013, the trial court converted appellants' motion to dismiss into a summary judgment motion and ordered the parties to brief their arguments. Several hours later, on the same day, the trial court granted appellee's Civ.R. 41(A)(2) motion to dismiss without prejudice.

{¶ 5} Appellants timely filed a notice of appeal and assert the following assignment of error:

> THE TRIAL COURT ERRED IN GRANTING CITIBANK, N.A.'S MOTION TO DISMISS BECAUSE IT DID NOT AFFORD MR. SLORP AN OPPORTUNITY TO REPLY BEFORE GRANTING THE MOTION.

{¶ 6} Appellants argue that the trial court granted appellee's motion to dismiss before the time had lapsed for appellants to respond. Appellee argues that, to the extent the trial court erred, the error was harmless because the trial court dismissed the case without prejudice, which is the exact same result appellants had requested in their motion to dismiss for lack of standing, which was still pending when appellee filed its motion to dismiss pursuant to Civ.R. 41(A)(2). Appellants responded that the error is not harmless because they could be subject to potential litigation for a third time arising out of the same transaction and also because they had a summary judgment motion pending before the court. Appellants further argue that appellee did not do its due diligence to ensure

standing before it filed its complaint, and further delay would subject appellants to additional costs and attorney fees.

{¶ 7} Civ.R. 6(C) requires that a written motion, and notice of the hearing thereof, shall be served not later than seven days before the time fixed for the hearing. Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division, requires that answers to motions be filed "on or before the 14th day after the date of service as set forth on the certificate of service attached to the motion."

{¶ 8} In *Logsdon v. Nichols*, 72 Ohio St. 3d 124, 126 (1995), the Supreme Court of Ohio stated that, "[g]iven the need for trial court action in order to effect the dismissal under Civ.R. 41(A)(2), the opposing party to the action is entitled to be heard on the motion. Failure to afford that opportunity can be reversible error." Furthermore, in *Cuervo v. Snell*, 10th Dist. No. 99AP-1442 (Sept. 26, 2000), we held that " '[h]owever hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment.' " *Id.*, quoting *Miller v. Lint*, 62 Ohio St.2d 209, 215 (1980). "[I]f a trial court disregards the response time created by the Ohio Rules of Civil Procedure, that court has committed reversible error." *Id.*, citing *Gibson-Myers & Assoc. v. Pearce*, 9th Dist. No. 19358 (Oct. 27, 1999), following *In re Foreclosure of Liens for Delinquent Taxes*, 79 Ohio App.3d 766, 771-72 (2d Dist.1992).

{¶ 9} In *Thyssen Krupp Elevator Corp. v. Constr. Plus, Inc.,* 10th Dist. No. 09AP-788, 2010-Ohio-1649, we acknowledged the Loc.R. 21 requirement that "[t]he opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion," and further that "[o]n the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge." *Id.* at ¶ 29. We observed in that case that the trial court erred when it granted a motion to reconsider 11 days after the motion was filed before the plaintiff's response time had lapsed. Nevertheless, although the trial court's granting of the motion was premature, we found the error to be harmless because the defendants did not challenge the merits of the trial court's decision in granting the motion. We noted that, "[e]ven if the trial court had waited until the parties had completed the briefing process, the end result" as to the appellants would be the same. *Id.* at ¶ 32, citing

*Robinson v. Kokosing Constr. Co., Inc.,* 10th Dist. No. 05AP-770, 2006-Ohio-1532, ¶ 16 (holding that a trial court will not require reversal due to a violation of Loc.R. 21.01 when that violation is harmless error).

{¶ 10} Here, as noted above, appellee argues that, if the trial court erred in deciding its motion to dismiss prematurely, the error was harmless as the result would have been the same had the trial court granted appellants' motion to dismiss: a dismissal without prejudice. We disagree.  Here, the trial court had converted appellants' motion to dismiss to a motion for summary judgment and ordered the parties to submit briefs regarding the same. That motion was pending at the time the trial court prematurely dismissed the case pursuant to appellee's Civ.R. 41(A)(2) motion.  It is conceivable that the outcome of this case may have been different if the trial court, upon reviewing the briefs, granted judgment in favor of appellants.

{¶ 11} Therefore, we find that the trial court's error in prematurely granting appellee's motion to dismiss was not harmless.

{¶ 12}  Accordingly, we sustain appellants' assignment of error.

{¶ 13}  Having sustained appellants' assignment of error, we reverse the decision of the Franklin County Court of Common Pleas and remand this case to that court to give appellants an opportunity to respond to appellee's motion to dismiss, pursuant to Civ.R. 41(A)(2), within the time allowed by Loc.R. 21.01.

*Judgment reversed; cause remanded with instructions.*

SADLER and O'GRADY, JJ., concur.

_____