[Cite as *Chafin v. Ohio Adult Parole Auth.*, 2014-Ohio-1192.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Russell Chafin, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 13AP-646 |
| v. | : | (C.P.C. No. 13CVH05-5093) |
| Ohio Adult Parole Authority et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 25, 2014

*Russell Chafin*, pro se.

*Michael DeWine*, Attorney General, and *Peter L. Jamison*, for appellees Ohio Department of Rehabilitation and Correction and Ohio Adult Parole Authority.

*Ron O'Brien*, Prosecuting Attorney, and *Mary Jane Martin*, for appellee Franklin County Prosecuting Attorney.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Plaintiff-appellant, Russell Chafin, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint pursuant to Civ.R. 12(B)(6). For the reasons that follow, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} Seeking declaratory and injunctive relief, appellant filed this complaint on May 7, 2013 against defendants-appellees, the Franklin County Prosecuting Attorney ("FCPA"), the Ohio Adult Parole Authority ("OAPA"), and the Ohio Department of

Rehabilitation and Correction ("ODRC"). According to the complaint, appellant is currently incarcerated at Pickaway Correctional Institution where he is serving criminal sentences imposed on his convictions for murder with a firearm specification, attempted burglary, and attempted abduction. Appellant entered guilty pleas to said offenses on September 20, 1993. The complaint states that appellant has been given parole hearings on November 2, 2007, March 31, 2008, and November 9, 2012. Each hearing resulted in a denial of parole, as did his reconsideration request.

{¶ 3} In this complaint, appellant asserts he is not being afforded meaningful parole consideration and, therefore, requests an injunction ordering OAPA to comply with implicit terms of his plea agreement and to immediately hold a parole hearing so that he can be given meaningful parole consideration under the "Pre-SB2 parole scheme which was implied in his negotiated plea agreement." (Complaint, 5.) Appellant also requests an order requiring OAPA to consider only the crimes to which he pleaded guilty and "not to fabricate any fictitious crimes and criminal history to elevate" his offenses. (Complaint, 6.)

{¶ 4} On June 14, 2013, FCPA filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), based on appellant's failure to assert any claims against him. On June 17, 2013, OAPA and ODRC filed a joint motion to dismiss, pursuant to Civ.R. 12(B)(6), alleging appellant's complaint fails to state a claim upon which relief can be granted. The trial court filed its decision and judgment entry granting the motions to dismiss on July 9, 2013.

{¶ 5} On July 11, 2013, appellant filed a motion for extension of time to respond, and on July 18, 2013, appellant filed a memorandum contra to appellees' motions to dismiss. On July 25, 2013, appellant filed a notice of appeal from the trial court's July 9 judgment entry dismissing his complaint pursuant to Civ.R. 12(B)(6).

## II. ASSIGNMENTS OF ERROR

{¶ 6} In this appeal, appellant brings four assignments of error for our review:

> [I.] The trial court erred and abused judicial discretion by not granting appellant's motion for an extension of time and by not allowing enough time to file a memorandum in opposition to appellees' motions to dismiss.

[II.] The trial court erred and abused judicial discretion by granting appellees' motions to dismiss when appellant stated a claim, on the face of the Complaint, that appellees denied him meaningful parole consideration by breaching the terms and conditions of his guilty plea agreement/contract.

[III.] The trial court erred and abused judicial discretion by granting appellees' motions to dismiss when appellant stated a claim, on the face of the Complaint, that appellees denied him meaningful parole consideration by deliberately falsifying the facts of his underlying convictions.

[IV.] The trial court erred and abused judicial discretion by granting appellees' motions to dismiss because appellant <u>did</u> comply with the mandatory provisions Ohio Rev. Code § 2969.25(C).

## III. DISCUSSION

### A. First Assignment of Error

{¶ 7}   In his first assignment of error, appellant contends the trial court abused its discretion by not granting his motion seeking an extension of time to file a response to appellees' dismissal motions.  In support, appellant directs us to the following language of Civ.R. 12(A)(2):

> A party served with a pleading stating a cross-claim against him shall serve an answer thereto within twenty-eight days after the service upon him.  The plaintiff shall serve his reply to a counterclaim in the answer within twenty-eight days after service of the answer or, if a reply is ordered by the court, within twenty-eight days after service of the order, unless the order otherwise directs.  The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (a) if the court denies the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after notice of the court's action; (b) if the court grants the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after service of the pleading which complies with the court's order.

{¶ 8}   According to appellant, the above-stated provision is "void-for-vagueness" with respect to when his responses were due.  Appellant also asserts that neither the Ohio

Civil Rules of Procedure nor the Local Rules of the Franklin County Court of Common Pleas specify a time limit for filing a memorandum contra to a motion to dismiss.

{¶ 9} The time frames of Civ.R. 12(A) referred to by appellant speak to the requisite times within which to file an answer to a complaint and, therefore, are not applicable in this matter which concerns the time in which a party has to respond to a motion to dismiss. Franklin County, Ohio, Ct. C.P.R. 21.01 requires that answers to motions be filed on or before the fourteenth day after the date of service as set forth on the certificate of service attached to the motion. *Citibank, N.A. v. Slorp*, 10th Dist. No. 13AP-513, 2013-Ohio-5331. Thus, appellant had 14 days in which to file his response to appellees' motions to dismiss.

{¶ 10} The motions to dismiss were filed on June 14 and 17, 2013. Appellant's motion seeking an extension of time was not filed until July 11, which is 24 days after the June 17 filing and 10 days after his response to the latter motion to dismiss was due. Moreover, the trial court granted the motions to dismiss and filed its final, appealable order reflecting the same on July 9, 2013, two days prior to the motion seeking an extension of time.

{¶ 11} Accordingly, we find no merit to appellant's position and overrule appellant's first assignment of error.

### B. Second and Third Assignments of Error

{¶ 12} Because they are interrelated, appellant's second and third assignments of error will be addressed contemporaneously. Together these assigned errors challenge the trial court's decision granting appellees' Civ.R. 12(B)(6) motions to dismiss appellant's complaint for failure to state a claim.

{¶ 13} Appellate review of a trial court's decision to dismiss a case, pursuant to Civ.R. 12(B)(6), is de novo. *Singleton v. Adjutant Gen. of Ohio*, 10th Dist. No. 02AP-971, 2003-Ohio-1838, ¶ 16. In order for a court to dismiss a case, pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus. The court must presume all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Bridges v. Natl. Eng. & Contracting Co.*, 49 Ohio St.3d 108, 112 (1990). In considering a

motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce*, 10th Dist. No. 03AP-330, 2003-Ohio-6940, ¶ 12.

{¶ 14} A declaratory judgment action is a civil proceeding that provides a remedy in addition to other available legal and equitable remedies. *Walker v. Ghee*, 10th Dist. No. 01AP-960 (Jan. 29, 2002), citing *Aust v. Ohio State Dental Bd.*, 136 Ohio App.3d 677, 681 (10th Dist.2000). "The essential elements for declaratory relief are: (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties." *Aust* at 681. The only reasons for dismissing a complaint for declaratory judgment before addressing the merits of the case are: (1) no justiciable issue or actual controversy exists between the parties or (2) the declaratory judgment will not terminate the uncertainty or controversy. *Wilburn v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 01AP-198 (Nov. 27, 2001). For purposes of a declaratory judgment action, a "justiciable issue" requires the existence of a legal interest or right, and a "controversy" exists where there is a genuine dispute between parties with adverse legal interests. *Id.*

{¶ 15} According to appellant, it is clear from the face of his complaint that he is alleging OAPA breached implicit terms of his plea agreement by utilizing the "Revised Ohio Parole Board Handbook," which, according to appellant, eliminated use of the former "Ohio Parole Board Guidelines Manual or Matrix." (Complaint, 3.) Appellant also argues it is clear from his complaint that he is alleging OAPA included "false" and "fabricated" accusations against him in order to deny him parole. As to this issue, appellant contends that OAPA's comments at his third parole hearing that appellant forced the victim to his knees and shot him in the head constitutes a fabrication of an offense to which he did not enter a guilty plea.

{¶ 16} As noted in *Festi v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1372, 2005-Ohio-3622, declaratory judgment provides a remedy to determine the construction or validity of a constitutional provision, statute, rule, deed, will or written agreement. *Id.* at ¶ 12. At issue here is appellant's disagreement with application of the parole guidelines. Because the parole guidelines are not constitutional provisions or statutes and have not

been adopted as rules, the parole guidelines are not subject to the declaratory judgment statute. *Id.*, citing *Wise v. Ohio Dept. of Rehab. & Corr.*, 84 Ohio App.3d 11, 14 (10th Dist.1992); *Woodson v. Ohio Adult Parole Auth.*, 10th Dist. No. 02AP-393, 2002-Ohio-6630, ¶ 4.

{¶ 17} In his complaint, appellant makes the conclusory allegation that OAPA's utilization of its new guidelines that resulted in a continuance of his next parole hearing to September 1, 2015 violated an implicit term of his plea agreement. Appellant does not allege that, as part of his plea agreement or sentence, he was promised that the parole guidelines in effect at the time he was sentenced would apply when he was considered for parole. Nor does appellant allege he was promised he would be released on parole after serving the minimum sentence ordered by the trial court. Appellant's "unilateral expectation that he would be released early on parole pursuant to the parole guidelines in effect at the time of sentencing is insufficient to establish a term of his plea bargain agreement or to contravene the authority and discretion accorded the OAPA in deciding when to grant parole." *Walker*.

{¶ 18} Appellant has no inherent or constitutional right to be released on parole before the expiration of his valid sentence. *Festi* at ¶ 14, citing *State ex rel. Miller v. Leonard*, 88 Ohio St.3d 46, 47 (2000), *cert. denied*, 530 U.S. 1223, citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The decision whether and when to grant parole lies within the absolute discretion of OAPA. R.C. 2967.03; *Walker*; *Festi*; *Woods v. Telb*, 89 Ohio St.3d 504, 512 (2000). "The OAPA's use of internal guidelines does not alter the decision's discretionary nature." *Walker*.

{¶ 19} Additionally, OAPA is not prevented from considering the facts of an inmate's crime in deciding if parole should actually be granted. *Wright v. Ghee*, 10th Dist. No. 01AP-1459, 2002-Ohio-5487, ¶ 49; *Calhoun v. Ohio Adult Parole Auth.*, 10th Dist. No. 01AP-287 (Sept. 25, 2001) (entering a guilty plea does not prevent OAPA from considering the actual facts of a defendant's crimes for the purpose of determining when defendant can safely be returned to society).

{¶ 20} Upon review, we conclude appellant's complaint has failed to state a claim upon which relief can be granted, and, therefore, the trial court properly granted

appellees' Civ.R. 12(B)(6) motions to dismiss. Accordingly, we overrule appellant's second and third assignments of error.

### C. Fourth Assignment of Error

{¶ 21} In his fourth assignment of error, appellant contends the trial court erred in dismissing his complaint because he complied with R.C. 2969.25(C)(1) and (2).

{¶ 22} The trial court in this case neither referenced nor based its decision on R.C. 2969.25. Rather, as we have discussed, the basis for the trial court's dismissal of appellant's complaint was Civ.R. 12(B)(6). Accordingly, we overrule appellant's fourth assignment of error.

## IV. CONCLUSION

{¶ 23} Having overruled appellant's four assignments of error in their entirety, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and CONNOR, JJ., concur.

_____