[Cite as *Sutton v. Douglas*, 2015-Ohio-164.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| RODD SUTTON | C.A. No. 27308 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROSEMARY DOUGLAS, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV-2013-03-1368 |

DECISION AND JOURNAL ENTRY

Dated: January 21, 2015

BELFANCE, Presiding Judge.

{¶1} Plaintiff-Appellant Rodd Sutton appeals from the dismissal of his complaint by the Summit County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

{¶2} Mr. Sutton filed the instant complaint ("2013 Complaint") on March 7, 2013, seeking declaratory relief against Rosemary Douglas, Charles Douglas, Randi Richards, Brian Richards, Fairway Independent Mortgage Corporation, Mortgage Electronic Registration Systems, and Summit County Child Support Enforcement Agency (collectively "Defendants"). Mr. Sutton alleged that, in 2006, he filed a complaint against Victoria Sutton and that on March 12, 2008, he filed a third supplemental complaint in that lawsuit alleging that Ms. Sutton fraudulently transferred property at 3093 Ghent Ct. in Akron to Ms. Douglas.[1] He further alleged in the 2013 Complaint that Ms. Douglas transferred the Ghent Ct. property to Randi and

---

[1] The third supplemental complaint was filed as an exhibit to the complaint at issue.

Brian Richards via a warranty deed recorded on April 11, 2008.[2]   Additionally, Mr. Sutton alleged that he was granted a judgment against Ms. Douglas for $136,000 on February 4, 2010, and that he filed a certificate of judgment based upon that judgment on February 9, 2010.[3]  He maintained that the judgment remained unsatisfied.  He further asserted that, because the Richards had notice of the fraudulent transfer claim involving the Ghent Ct. property, the certificate of judgment was a valid lien that attached to the Ghent Ct. property.  Mr. Sutton asserted that a dispute existed with respect to whether his certificate of judgment attached to the Ghent Ct. property and with respect to the priority of his certificate of judgment as a lien on the Ghent Ct. property.  Mr. Sutton sought a declaratory judgment as to those disputes.

{¶3}    Randi and Brian Richards filed a motion to dismiss pursuant to Civ.R. 12(B)(6), essentially arguing that the 2013 Complaint set forth no cognizable claim because the certificate of judgment could not, as a matter of law, attach to the Ghent Ct. property.  Subsequently, Mortgage Electronic Registration Systems, Inc. filed a similar motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that the judgment lien did not attach to the property and that lis pendens did not apply.  The trial court stayed the matter due to Mr. and Ms. Douglas' pending bankruptcy proceedings.  When the case was returned to the active docket, the trial court dismissed Mr. Sutton's 2013 Complaint with prejudice.

{¶4}    Mr. Sutton appealed, raising two assignments of error for our review.  Subsequent to filing this appeal, Mr. Sutton withdrew his second assignment of error.

---

[2] Mr. Sutton filed a copy of the warranty deed as an exhibit to the current complaint.

[3] Mr. Sutton filed a copy of the certificate of judgment as an exhibit to the complaint.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS-
APPELLEES, RANDI AND BRIAN RICHARDS'[] CIV.R. 12(B)(6) MOTION
TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF COULD BE GRANTED.

{¶5} Mr. Sutton argues in his sole assignment of error that the trial court erred in dismissing his complaint pursuant to Civ.R. 12(B)(6). Based upon the trial court's entry in this matter, we agree.

{¶6} "A complaint for declaratory relief may be dismissed for failure to state a claim upon which relief can be granted only if (1) no real controversy or justiciable issue exists between the parties, or (2) the declaratory judgment will not terminate the uncertainty or controversy." (Internal quotations and citation omitted.) *Mt. Eaton Community Church, Inc. v. Ladrach,* 9th Dist. Wayne No. 07CA0092, 2009-Ohio-77, ¶ 7; *see also Velasquez v. Ghee,* 99 Ohio App.3d 52, 54 (9th Dist.1994). Here the trial court did not determine that there was no real controversy or justiciable issue between the parties or that a declaratory judgment would not end the dispute. *See Mt. Eaton Community Church, Inc.* at ¶ 8. The trial court's entry states: "This matter coming before the Court on the Motion to Dismiss filed by the Defendant[s] Randi Richards and Brian Richards. The Court finds said Motion to be well taken; and, it is, therefore, ordered, adjudged and decreed that the Plaintiff's Complaint is hereby dismissed with prejudice." As noted above, the Richards' motion essentially asserted that Mr. Sutton could not obtain the declarations he sought. Thus, the Richards were advancing arguments concerning the merits of the declaratory judgment action and why such should be resolved in their favor. Given the language in the entry, which cites to the Richards' Motion to Dismiss as a basis for dismissal, it does not appear the trial court was dismissing the complaint for a permitted reason. *See id.* at ¶

7. Moreover, this error is not harmless because the trial court did not determine the legal issue that Mr. Sutton sought to have resolved. *See id.* at ¶ 6, 8 (determining the dismissal was harmless where the trial court decided the legal issue the plaintiff sought to have resolved upon the parties' submission of stipulated facts); *see also Velasquez* at 54; *Fioresi v. State Farm Mut. Auto. Ins. Co.,* 26 Ohio App.3d 203, 203-204 (1st Dist.1985). "Where the plaintiff has no right to the relief requested under the facts submitted, the trial court must so state in its judgment entry." *Velasquez* at 54.

{¶7} Accordingly, we sustain Mr. Sutton's assignment of error to the extent that he maintains the trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(6). This Court takes no position on the merits of the dispute; we only conclude that the trial court dismissed the 2013 Complaint pursuant to Civ.R. 12(B)(6) for a reason not permitted under the law.

III.

{¶8} In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand the matter for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

 

 

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

TIMOTHY H. HANNA, Attorney at Law, for Appellant.

JAMES M. CAMPBELL and JULIET K. FALCONE, Attorneys at Law, for Appellant.

BRADLEY P. TOMAN, Attorney at Law, for Appellees.

KIMBERLY Y. SMITH RIVERA, Attorney at Law, for Appellee.