[Cite as *Davis v. Miraldi*, 2016-Ohio-868.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

GLEN M. DAVIS

    Appellant

    v.

JUDGE JOHN R. MIRALDI

    Appellee

C.A. No.    15CA010741

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CV184541

DECISION AND JOURNAL ENTRY

Dated: March 7, 2016

HENSAL, Judge.

{¶1} Glen Davis appeals a judgment of the Lorain County Court of Common Pleas that dismissed his complaint for declaratory judgment. For the following reasons, this Court affirms.

I.

{¶2} According to Mr. Davis, he was involved in a drug transaction in 1991, for which he was arrested in 1992. At the time of his arrest, he had drugs in his possession, which resulted in additional charges against him. Although the Grand Jury indicted him for each incident separately under different case numbers, the cases were set for trial together. Mr. Davis eventually pleaded guilty to the offenses. The trial court ordered that his sentences in the two cases run concurrently, which Mr. Davis completed.

{¶3} Years later, Mr. Davis was convicted of a drug offense in federal court. Because his convictions from the 1991 and 1992 incidents counted as two prior felony drug convictions, the court sentenced him to life in prison. Mr. Davis subsequently asked the state court for a

nunc pro tunc order to indicate that his 1991 and 1992 offenses had been joined together. The court denied his motion, explaining that it could not use a nunc pro tunc order to join cases and that it could not join cases after sentencing. Mr. Davis then filed a declaratory judgment action against the judge who presided over his state court cases, requesting a declaration that those cases had been consolidated. The State moved to dismiss the complaint under Civil Rules 12(B)(1) and (6), arguing that Mr. Davis failed to comply with Revised Code Section 2969.25 when he filed his complaint and that his claims were barred by res judicata. The trial court granted its motion, concluding that Mr. Davis's request was barred by res judicata. Mr. Davis has appealed, assigning as error that the trial court incorrectly dismissed his declaratory judgment action.

ASSIGNMENT OF ERROR

> THE LORAIN COURT'S DISMISSAL OF MR. DAVIS'[S] PETITION FOR DECLARATORY JUDGMENT CORRESPONDING TO THE LORAIN TRIAL COURT'S OVERSIGHT IN PERFORMING ITS DUTY TO FORMALLY DOCUMENT THE FEBRUARY 24, 1993, JOINDER/CONSOLIDATION OF MR. DAVIS'[S] TWO CRIMINAL PROSECUTIONS FOR A SINGLE TRIAL AND SUBSEQUENT SENTENCING WAS AN ERROR OF LAW.

{¶4} Mr. Davis argues that the trial court incorrectly dismissed his complaint for declaratory relief. According to him, when the court scheduled his 1991 and 1992 offenses for trial together, it effectively consolidated his cases, which he believes the judge should formally acknowledge and clarify for the record.

{¶5} Section 2721.02(A) provides that "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." A complaint for declaratory relief may not be dismissed under Civil Rule 12(B)(6) merely because "the plaintiff's position on the merits of his or her claim is incorrect." *Weyandt v. Davis*, 112 Ohio App.3d 717, 721 (9th Dist.1996). "Rather, such a complaint may be dismissed for failure to state a claim

upon which relief can be granted only if (1) no real controversy or justiciable issue exists between the parties, or (2) the declaratory judgment will not terminate the uncertainty or controversy." *Id.*

{¶6} "[I]t is well settled that declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 44. "A judge is not a party litigant in a proceeding in which he acts as judge and a litigant's disagreement with his decisions or dissatisfaction with his judicial performance does not give rise to a justiciable controversy between the complaining litigant and the judge." *Carter v. Walters*, 3d Dist. Paulding No. 11-88-23, 1990 WL 35410, *2 (Mar. 22, 1990). "For direct and collateral attacks alike, declaratory judgment is simply not a part of the criminal appellate or postconviction review process." *Lingo*, 138 Ohio St.3d, 2014-Ohio-1052, at ¶ 44 (indicating that a declaratory judgment action cannot be used as a substitute for a petition for post-conviction relief, a petition for habeas corpus, or a motion to vacate).

{¶7} The fact that Mr. Davis would like clarification of his criminal convictions does not create a justiciable controversy between him and the judge who presided over his convictions. *See Carter*, 1990 WL 35410 at *2. Accordingly, we conclude that Mr. Davis's complaint failed to state a claim upon which relief could be granted. The trial court did not err when it granted the motion to dismiss. If Mr. Davis believed that the court consolidated his cases but failed to indicate that fact in an order, he could have raised the issue on appeal. *See Ross v. Innes*, 9th Dist. Lorain No. 04CA008533, 2004-Ohio-7168, ¶ 7. Mr. Davis's assignment of error is overruled.

III.

**{¶8}** The trial court correctly granted the motion to dismiss. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

GLEN M. DAVIS, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and THOMAS M. MANGAN, Assistant Prosecuting Attorney, for Appellee.