[Cite as *Barberton v. Summit Cty.*, 2024-Ohio-3088.]

STATE OF OHIO      )           IN THE COURT OF APPEALS
                        )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| | |
|---|---|
| CITY OF BARBERTON, OHIO | C.A. No. 30936 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT COUNTY, OHIO, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV-2022-03-1003 |

DECISION AND JOURNAL ENTRY

Dated: August 14, 2024

CARR, Presiding Judge.

**{¶1}** Appellant, City of Barberton, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

**{¶2}** This appeal arises out of a dispute between the City of Barberton and Summit County regarding the use of the Summit County Jail. Barberton maintains that because the Summit County Sheriff has refused to detain individuals in the Summit County Jail who are arrested by Barberton police officers for violations of the Ohio Revised Code, Barberton has been forced to operate a city jail, which it would not otherwise have a legal obligation to do.

**{¶3}** On March 30, 2022, Barberton filed a declaratory judgment action against Summit County and the Summit County Sheriff (collectively "the County"). Barberton sought a number of declarations and injunctive relief in regard to the County's responsibilities in housing individuals in the Summit County Jail. Barberton's complaint also contained a related claim for

unjust enrichment. The County filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Barberton filed a brief in opposition to the motion to dismiss, and the County replied thereto. After allowing the parties to present oral arguments, the trial court issued a journal entry granting the motion to dismiss.

{¶4} On appeal, Barberton raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT A SHERIFF IS NOT REQUIRED TO HOUSE IN THE COUNTY JAIL, AT THE COUNTY'S EXPENSE, AN INDIVIDUAL ARRESTED BY A MUNICIPAL OFFICER FOR VIOLATIONS OF THE OHIO REVISED CODE.

{¶5} In its sole assignment of error, Barberton argues that the trial court erred as a matter of law in granting the County's motion to dismiss.

### Background

{¶6} In its complaint, Barberton set forth two separate claims for declaratory judgment. First, Barberton sought a declaration that the County was responsible for the housing and costs associated with individuals arrested and charged under the Ohio Revised Code in Summit County. Barberton also sought a declaration that it was not required to operate a city jail and that the County had a legal duty to house all individuals arrested in Barberton, regardless of the violation, with Barberton incurring the cost only of those individuals charged with violations of the Barberton municipal ordinances. Barberton sought an injunction requiring the County to accept into the Summit County Jail all arrestees charged with violations of the Ohio Revised Code regardless of which court sent them or what arresting authority made the arrest. Finally, Barberton sought to recover the costs that it had incurred since March 2016 for housing arrestees that the County was legally obligated to house.

{¶7} The County filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The County's primary argument was that while R.C. 307.15 allowed Barberton to contract with the County to perform jail-related services, the County was not required to perform such services absent a contractual agreement. To the extent Barberton relied on the Sixth District's ruling in *City of Toledo v. Corr. Commission of Northwest Ohio*, 6th Dist. Lucas No. L-16-1155, 2017-Ohio-9149, where the court held that Lucas County was responsible for housing pretrial detainees charged with misdemeanor state law violations, the County asserted that *Toledo* was distinguishable because the municipality in that case was not already operating a jail. *See id*. at ¶ 2. The County further contended that Barberton lacked standing to request a declaration regarding the manner in which the Sheriff handled arrests made outside of Barberton and state parole violations.

{¶8} Barberton filed a lengthy memorandum opposing the motion to dismiss, and the County filed a reply brief. The trial court set the matter for a conference via Zoom where the parties presented oral arguments in support of their respective positions regarding the motion to dismiss.

{¶9} On November 8, 2023, the trial court issued a journal entry granting the County's motion to dismiss on the basis that Ohio law did not permit Barberton to shift the burden of housing misdemeanor offenders to the County, even when the charges originated under the Ohio Revised Code. In its 20-page journal entry, the trial court worked through the arguments set forth by the parties. The trial court ruled that the County's standing argument regarding the handling of arrests made outside of Barberton to be well taken. Significantly, while the trial court ostensibly concluded that this matter did not involve a justiciable controversy, it reached several definitive legal conclusions regarding Barberton's requested declarations. First, the trial court determined that Ohio law did not permit Barberton to shift its public safety responsibilities to the County,

absent a contractual agreement. Second, the trial court concluded "despite [the fact] that Barberton actually owns and operates a city jail, it asks this Court to authorize it to close that facility – a question not proper for this Court to decide."

Discussion

{¶10} On appeal, Barberton effectively contends that the trial court erred by granting the County's motion to dismiss on the basis that this matter did not involve a justiciable controversy.

{¶11} An appellate court reviews a trial court order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) under a de novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 4-5. In reviewing whether a motion to dismiss should be granted, an appellate court must accept as true all factual allegations in the complaint and all reasonable inferences must be drawn in favor of the nonmoving party. *Rossford* at ¶ 5; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶12} As a general rule, "[w]hen a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." *No-Burn, Inc. v. Murati*, 9th Dist. Summit No. 24577, 2009-Ohio-6951, ¶ 11, quoting *Bowman v. Middleburg Hts.*, 8th Dist. Cuyahoga No. 92690, 2009-Ohio-5831, ¶ 6. However, a trial court properly dismisses a declaratory judgment action pursuant to Civ.R. 12(B)(6) where there is not a justiciable issue before the court. *Davis v. Miraldi*, 9th Dist. Lorain No. 15CA010741, 2016-Ohio-868, ¶ 7; *Chafin v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 13AP-646, 2014-Ohio-1192, ¶ 14. Thus, "[i]n an action for declaratory judgment, the trial court must declare the rights of the parties or dismiss the complaint because either (1) no real controversy or justiciable issue exists between the parties or (2) the declaratory judgment will not terminate

the uncertainty or controversy." *Velasquez v. Ghee*, 99 Ohio App.3d 52, 53-54 (9th Dist.1994), quoting *Miller v. Summit Cty. Bd. of Edn.*, 9th Dist. Summit No. 15847, 1993 WL 99998, *1 (Apr. 7, 1993).

{¶13} Under the circumstances of this case, we are compelled to sustain Barberton's sole assignment of error. The procedural posture of this case entailed a motion to dismiss filed in a declaratory judgment action. As noted above, a trial court is required to declare the rights and responsibilities of the parties in order to resolve a declaratory judgment action unless the case involves a scenario where either no justiciable controversy exists or a declaratory judgment would not resolve the controversy. *See Velasquez*, 99 Ohio App.3d at 53-54. Notably, resolving the merits of declaratory judgment claims in a manner that is adverse to the plaintiff is not akin to concluding that the matter does not involve a justiciable controversy.

{¶14} In this case, the trial court erroneously dismissed the matter for lack of a justiciable controversy where its analysis was predicated on substantively resolving the merits of Barberton's declaratory judgment claims. "An actual or justiciable controversy is defined as a 'genuine dispute between parties having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Cool v. Frenchko*, 10th Dist. Franklin No. 21AP-4, 2022-Ohio-3747, ¶ 18, quoting *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13 (8th Dist.1988). Here, as for Barberton's first requested declaration, the trial court substantively analyzed and rejected the legal basis for Barberton's claim that the County was responsible for the housing and costs associated with individuals arrested in Barberton who were charged under the Ohio Revised Code. As for Barberton's second declaratory judgment claim, the trial court indicated that it was beyond the scope of its power to authorize the closure of Barberton's city jail. In point of fact, however, Barberton sought a declaration that it was not legally obligated to operate a jail and that, in the

event of the jail's closing, it would only be required to absorb the costs associated with housing those individuals charged with violations of the Barberton municipal ordinances. While the trial court seemingly resolved the merits of Barberton's claim in this regard as well, it granted the motion to dismiss on the basis that this matter did not involve a justiciable controversy. As it is readily apparent from the trial court's analysis that this matter does involve several justiciable issues, the trial court erred in dismissing the case.

{¶15} Accordingly, Barberton's assignment of error is sustained.

### III.

{¶16} Barberton's assignment of error is sustained to the extent discussed above. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
BALDWIN, J.
CONCUR.

(Baldwin, J., of the Fifth District Court of Appeals, sitting by assignment.)


APPEARANCES:

LEE A. PLAKAS, GARY A. CORROTO, and BROOKE A. MENESES, Attorneys at Law, for Appellant.

MARK LANDES and RYAN C. SPITZER, Attorneys at Law, for Appellees.