By the Court.
 

 The charter city of Cleveland owns and operates its waterworks system. On May 12,1940, there became effective in such city an ordinance passed by the council supplementing the municipal code by the addition of certain sections. These sections, as they are pertinent to the controversy, read as follows:
 

 “Section 2302-2-B. The director of public utilities shall cause water to be furnished free of charge to public schoolhouses within the territorial limits of the city of Cleveland, and to free public libraries within the territorial limits of the city which are supported in whole or in part by taxation.”
 

 “Section 2302-2-D. The director of public utilities shall cause water to be furnished free of charge within the territorial limits of the city of Cleveland to parochial and sectarian schools; to colleges and institutions of higher learning chartered by the state of Ohio and operated not for private profit; to houses used exclusively for public worship; to lands used exclusively for graveyards, or grounds for burial of the dead, except such as are held by a person, company or corporation with a view to profit or for the purpose of speculating in the sale thereof; to hospitals operated not for profit; and to property belonging to institutions used exclusively for charitable purposes, which shall be deemed to include such institutions, agencies and associations as are operated not for profit and whose services are rendered gratuitously or for a nominal fee to the public generally or to any substantial portion thereof, without other limitations or condition than the need of those served for such services, including such institutions and agencies, for the purpose of definition only and not of limitation, as the various orphanages, day nurseries, community houses
 
 *476
 
 and social settlements, Salvation Army homes, Association for .Crippled and Disabled and similar agencies.”
 

 The director of the department of public utilities of the city of Cleveland made no Prove to comply with the quoted sections, or refused to do so, whereupon certain of the groups and institutions affected filed petitions in this court as relators, praying that writs of mandamus might issue against the director, compelling him to act. The matter is presently before us on demurrers to the petitions. These demurrers are based on the proposition that water distributed from the municipal waterworks is property and that the municipality has no power or authority to give it away.
 

 Pursuant to the grant contained in Section 7, Article XVIII of the Constitution, the city of Cleveland adopted a charter for its government. Section 1 provides :
 

 “The inhabitants of the city of Cleveland
 
 * * *
 
 shall be a body politic and corporate by name the city of Cleveland, and as such shall have perpetual succession; * * * may acquire, construct,
 
 own,
 
 lease and
 
 operate
 
 and
 
 regulate
 
 public utilities
 
 * *
 
 *.” (Italics ours.)
 

 Section 4, Article XVIII of the Constitution, provides :
 

 “Any municipality may acquire, construct,
 
 own,
 
 lease and
 
 operate
 
 * * * any public utility the products or service of which is or is to be supplied to the municipality or its inhabitants * * *.” (Italics ours.)
 

 And Section 5 of the same Article reads:
 

 “Any municipality proceeding to * *
 
 *
 
 operate a public utility, * * # shall act by ordinance *
 
 *
 

 Except as hereinafter noted, our attention has not been called to any charter or constitutional provision which it is claimed expressly inhibits the free distribution of water by a municipally owned waterworks to public, benevolent or charitable institutions.
 

 A municipality operating a waterworks is engaged
 
 *477
 
 in a proprietary as distinguished from a governmental undertaking. 28 Ohio Jurisprudence, 100, Section 63. The only general restraints imposed on the distribution of water are that the rates charg'ed be reasonable and that there be no unjust discrimination among the customers served, taking into account their situation and classification.
 

 In 5 McQuillin on Municipal Corporations (2 Ed.), 66, Section 1948, the following statement appears:
 

 “Statutes often authorize a plant owned by a municipality to furnish supplies free to charitable institutions. And, independent of statute, the ‘right of the city to furnish water for municipal and charitable purposes free can hardly be doubted.’ If the municipality owns its own plant and the rates charged are reasonable in amount, consumers cannot complain that water is furnished free to the various city departments and to charitable and educational institutions.”
 

 In harmony with such statements are a number of cases which hold or indicate that a municipality operating a waterworks possesses the power to supply water gratis to public, religious, educational or charitable institutions. 67 Corpus Juris, 1233, Section 780; 27 Ruling Case Law, 1452, Section 68;
 
 Preston
 
 v.
 
 Bd. of Water Commrs. of Detroit,
 
 117 Mich., 589, 76 N. W., 92;
 
 Fretz
 
 v.
 
 City of Edmond,
 
 66 Okla., 262, 168 P., 800, L. R. A. 1918C, 405;
 
 Consolidated Ice Co.
 
 v.
 
 City of Pittsburgh,
 
 274 Pa., 558, 118 A., 544;
 
 Twichell
 
 v.
 
 City of Spokane,
 
 55 Wash., 86, 104 P., 150, 24 L. R. A. (N. S.), 290, 133 Am. St. Rep., 1021. And, see Section 3982-1, General Code.
 

 Supporting his demurrers, the gravamen of which is that a municipality cannot give away its property, respondent cites Section 6, Article VIII of the Constitution. This section prevents municipal bodies from becoming stockholders in or furnishing money or credit to private corporations or associations. It is not applicable here either in its language or its intention, as will be apparent by reference to the cases of
 
 Walker
 
 v.
 
 *478
 

 City of Cincinnati,
 
 21 Ohio St., 14, 54, 8 Am. Rep., 24, 38;
 
 Alter
 
 v.
 
 City of Cincinnati,
 
 56 Ohio St., 47, 64, 46 N. E., 69, 35 L. R. A., 737, 742;
 
 State, ex rel. Campbell,
 
 v.
 
 Cincinnati St. Ry. Co.,
 
 97 Ohio St., 283, 303, 119 N. E., 735, 741.
 

 It is to be borne in mind that this matter is now being disposed of solely on the demurrers to the petitions. Questions relating to the reasonableness of water rates or to unjust discrimination are not before ns. Nor are we concerned with any considerations of policy.'
 

 The demurrers to the petitions are overruled.
 

 Demurrers overruled.
 

 Day, Zimmerman, Turner and Williams, JJ., concur.
 

 Wéygandt, O. J., Matthias and Hart, JJ., dissent.