Zimmerman, J.,
 

 dissenting. The General Assembly of Ohio has specifically stated that the Unemployment Compensation Act shall be liberally construed to accomplish the purposes thereof,
 
 vis.,
 
 to further the national plan of unemployment compensation and social security and to assist in the stabilization of employment conditions generally.
 

 
 *211
 
 Considering the history and aims of the legislation pertaining to unemployment compensation, it is our view that the majority of the court has construed the pertinent statutes too strictly and too technically and has thereby reached an erroneous and discriminatory result.
 

 Briefly stated, the position of the minority of the court is this:
 

 Within the definitions contained in Section 1345-1
 
 b
 
 (1), General Code, a municipal corporation is included under the term “corporation” and is an “employer” subject to the provisions of the act.
 

 By the language of Section 1345-1
 
 c.D
 
 (3), General Code, employees of municipal corporations are removed from the contemplation of the act
 
 only
 
 when the services they perform for the municipality involve the exercise of
 
 purely governmental functions.
 
 We believe the parts of the statute referred to can and should be so construed, and as thus construed they carry out the intent of the General Assembly.
 

 It has been well established in this state for a long time that the waterworks department or division of a municipality supplying water to the municipality, its inhabitants and sometimes to others, is a
 
 proprietary
 
 enterprise as distinguished from one which is
 
 'purely governmental.
 
 41 Ohio Jurisprudence, 120, Section 165;
 
 State, ex rel. Mt. Sinai Hospital of Cleveland,
 
 v.
 
 Hickey, Dir. of Pub. Util. of City of Cleveland,
 
 137 Ohio St., 474, 476, 30 N. E. (2d), 802, 804. See, also,
 
 City of Niles
 
 v.
 
 Union Ice Corp.,
 
 133 Ohio St., 169,181,12 N. E. (2d), 483, 488.
 

 Since appellee’s services as an employee of the municipality were confined to the waterworks department, a proprietary activity, and he was otherwise qualified to receive benefits under the act, he is entitled to prevail, in accordance with the determination of both lower courts.
 

 
 *212
 
 The judgment of the Court of Appeals should therefore be affirmed.
 

 Weygandt, C. J., and Bell, J., concur in the foregoing dissenting opinion.