JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, the City of Cleveland ("Cleveland"), appeals the trial court's failure to grant its motion for summary judgment in its entirety. Cleveland assigns three errors for our review and the appellee, Rispo Investment Company ("Rispo"), filed a cross-appeal in which it assigns one error for our review.[1]
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision, enter judgment for Cleveland, and overrule appellee's cross-appeal. The apposite facts follow.
 Facts {¶ 3} Rispo owns and operates 112 suites of apartments located in Parma, Ohio. Parma entered into a Water Service Agreement ("Agreement") with Cleveland on May 1, 1984. Under the Agreement, Cleveland has exclusive authority to set the rates as ratified by its city council and the responsibility of providing water service to Parma's residents.
 {¶ 4} From 1988 to 1990, Rispo properties installed four private fire lines with six-inch fire line connections as dictated by the Parma Building Code. *Page 4 
These fire lines connect to the Cleveland Water Division system at one end and to standpipes that run the height of the Rispo rental properties at the other end. The fire line size is mandated by the Parma Building Code and is dependent on the size and dimensions of the building. Cleveland charged Rispo a fee for each line according to the size of the connection. It is undisputed that all consumers with fire lines were charged based on the size of the connections.
 {¶ 5} On January 3, 2006, Rispo filed a complaint against Cleveland in which it requested declaratory judgment, money damages, injunctive, and other equitable relief regarding the application of the rate structure contained in the Agreement for the fire line connections.[2] Rispo contended that the fees were unreasonable and not related to actual costs of service. Rispo also contended that it was assessed twice because it paid the fees for the private lines and the fees for water protection.
 {¶ 6} Cleveland responded and filed a motion for judgment on the pleadings arguing Rispo did not have standing to bring the action. It also filed a motion for summary judgment arguing that the fees were reasonable and fair, and the fees were the result of a contract beyond the jurisdictional review of the trial court. Rispo also filed a motion for summary judgment wherein it argued *Page 5 
the fees were unfair, unreasonable, and discriminatory to apartment building owners.
 {¶ 7} The trial court denied Cleveland's motion for judgment on the pleadings and granted Cleveland's motion for summary judgment in part after concluding the rate statute did not violate principles of equal protection. However, the trial court denied both Cleveland's and Rispo's motions for summary judgment as to whether the rates charged were reasonable. The court determined that whether the rates were reasonable was a question of fact that was not proper for a determination in a summary judgment motion and set the matter for an evidentiary hearing. At Cleveland's request, the court attached Civ. R. 54(B) language to the journal entry stating there was "no just reason for delay." Cleveland appealed the matter to this court.[3]
 Motion for Summary Judgment {¶ 8} In its first assigned error, Cleveland argues the trial court erred by concluding that whether the rates were reasonable was a question of fact to be decided at an evidentiary hearing. Cleveland argues that because the rates were *Page 6 
the result of a negotiated contract between Cleveland and Parma, the court is without authority to determine the reasonableness of the rates. We agree.
 {¶ 9} The Ohio Supreme Court in Fairway Manor, Inc. v. Board ofCommr's[4]
 {¶ 10} addressed the situation when there is a disagreement regarding the water rates that were set pursuant to a negotiated contract between municipalities. The Court held:
 "The customer's desire and need for the product is always a factor in determining price. There is nothing inherently unfair in permitting this factor to be utilized in the negotiation process. Nor do we agree with the reasoning of the appellate court that the difference in rates may be justified only by a difference in the cost of supplying the service. Many other factors may justify a difference in rates. But where a particular rate is fixed by contract, it is for the parties, not the courts, to determine the rate to be charged. In such matters, courts will presume the wisdom of the bargain and uphold the contract."[5]
 {¶ 11} Such is the situation in the instant case. Parma negotiated with Cleveland regarding the rates and agreed to allow Cleveland to set the water rates and agreed the rates charged for the fire line connections would be governed by Cleveland Ord. § 535.21, which requires the approval of Cleveland's *Page 7 
City Council. Thus, the rates were determined via a negotiated contract and pursuant to Fairway Manor, the trial court has no authority to review the negotiated rates.
 {¶ 12} Rispo argues that Fairway Manor does not apply to the instant case because it dealt with a disagreement between municipalities and not a dispute between the residents and the municipality. The Court in dicta in Fairway did state:
 "[t]he degree of control which the courts will exert over such public utilities is strictly limited to protecting residents of the municipality from the imposition of rates which are unreasonable or which discriminate among such residents, taking into account their situation and classification."[6] (Emphasis in original.)
 {¶ 13} However, the above dicta does not apply to the instant case. Rispo is not a resident of the City of Cleveland. Residents of the municipalities charging the fees do not have a negotiated contract with the municipality. For example, Cleveland residents do not have a negotiated rate schedule with the Cleveland Water Department. In the instant case, Rispo is a resident of the *Page 8 
extraterritorial purchaser, which has a negotiated contract with Cleveland. We conclude under these circumstances, the trial court cannot renegotiate the contract and must accept the rates in the contract. As the Court in Fairway Manor held:
 "Ordering the parties to renegotiate is certainly not a realistic alternative. Again, the problem arises of compelling appellant to continue supplying water under terms other than those to which it had agreed. Other problems inevitably present themselves. What rate prevails while the contract is being negotiated? How can the parties be forced to come to a meeting of the minds?
 "It can readily be seen from the foregoing that judicial interference in these kinds of contract disputes creates many more problems than it solves. The only sensible, practical and logical solution is simply to leave the parties with their bargain. ***
 "Moreover, we are mindful of the extreme ramifications which would follow from an order requiring appellant not only to continue to sell its surplus water to appellee, but at a price to which appellant has not agreed. Such an outcome would cast uncertainty on every similar contract throughout the state where the supplier charges a higher rate to extraterritorial purchasers, or differing rates to non-residents in different contracting districts. We are unwilling to take such a step."[7]
 {¶ 14} Rispo cites to several cases to support its contention that the court possesses the authority to determine the reasonableness of the rates. However, *Page 9 
those cases are distinguishable because they do not involve rates that were the result of a negotiated contract.[8]
 {¶ 15} Rispo also cites to an earlier Fairway Manor[9] case for support. However, the procedural history in that case is informative. In the earlier Fairway Manor case, the Court of Appeals reversed and remanded the trial court's determination of the reasonableness of the rates because it included a condition that the court found not controlling. Thus, the trial court on remand again reviewed the reasonableness of the rates and concluded the rates were unreasonable. The Court of Appeals agreed the rates were unreasonable and affirmed. That determination was appealed to the Ohio Supreme Court. As we discussed above, the Ohio Supreme Court reversed the Court of Appeals and held that the rates were the result of a negotiated contract; thus, the trial court was without authority to review the reasonableness of the bargain. *Page 10 
 {¶ 16} Additionally, although Rispo argues that a contract cannot discriminate by charging different rates for apartment owners than it charges individuals, the Court in Fairway explicitly held that "where rates for water from a municipality owned public utility are set forth in a contract, such rates will not be struck down as discriminatory even where no factor exists to justify the rate discrimination."[10] Thus, because we conclude the Ohio Supreme Court's decision in FairwayManor controls this case, Cleveland's first assigned error is sustained.
 {¶ 17} Cleveland's remaining assigned errors are moot and Parma's cross-appeal is overruled.[11] Accordingly, we reverse the trial court's decision and enter judgment for Cleveland.
It is ordered that appellant recover of appellee its costs herein taxed. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and *Page 11 
FRANK D. CELEBREZZE, JR., J., CONCUR.
 APPENDIX
ASSIGNMENTS OF ERROR "I. The trial court erred in failing to grant defendant-appellant's motion for summary judgment."
 "II. The trial court erred in granting City of Parma's motion to dismiss where the City of Parma is the entity with whom Appellant negotiated and entered into the subject Water Service Agreement and the City of Parma's council approved the agreement by legislative action and thereby, imposed the agreed upon rate structure on its residents."
 "III. The trial court erred in denying City of Cleveland's motion for judgment on the pleadings stating that appellee had no standing."
CROSS-APPEAL ASSIGNED ERROR: "I. The trial court erred prejudicially to the plaintiff/appellee when it failed to grant summary judgment to the plaintiff."
[1] See appendix.
[2] Rispo filed an amended complaint adding the City of Parma as a defendant. The trial court later dismissed Parma from the action pursuant to Parma's motion to dismiss.
[3] This court sua sponte ordered the parties to show cause why the appeal was a final appealable order. The parties briefed the issue. We agree the matter is a final appealable order even though the evidentiary hearing was not conducted because the issue before us is a question of law.
[4] (1988), 36 Ohio St.3d 85.
[5] Id. at 88.
[6] Id. at 820.
[7] Id. at 90.
[8] The City of Mansfield v. Humphrey Mfg. Co. (1910), 82 Ohio St. 216
(resident manufacturer of Mansfield sought to enjoin Mansfield from turning off water supply because of nonpayment of bill); State ex relMt. Sinai Hosp. v. Hickey (1940), 137 Ohio St. 474 (concerned City of Cleveland's obligation pursuant to Cleveland Code § 2302-2-D to furnish water free of charge to charitable organizations within the City limits); Orr Felt Co. v. The City of Picqua (1933), 2 Ohio St.3d 166
(dealt with rates set by ordinance, not contract); Western Reserve Steelv. The City of Cuyahoga Heights (1928), 118 Ohio St. 544 (the Court inFairway Manor distinguished this case by noting: "the village of Cuyahoga Heights, which purchased its water from the city of Cleveland, unjustly discriminated against one of its own resident consumers."Fairway, supra at 821.)
[9] Fairway Manor, Inc. v. Board of Comm'rs. (1986),13 Ohio App.3d 233.
[10] Fairway, supra at syllabus.
[11] App. R. 12 (A)(1)(c). *Page 1