[Cite as *Hudson v. Akron*, 2017-Ohio-7590.]

STATE OF OHIO        )                    IN THE COURT OF APPEALS
                            )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

| | |
|---|---|
| CITY OF HUDSON | C.A. No.     28011 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF AKRON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.    CV-2014-12-5497 |

DECISION AND JOURNAL ENTRY

Dated: September 13, 2017

CARR, Judge.

**{¶1}** Appellant, the City of Hudson, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** This matter arises out of a water services dispute between the City of Akron and the City of Hudson, two municipal corporations in Northeast Ohio. Akron maintains a public water utility that services its residents as well as extraterritorial purchasers in various locations throughout the surrounding area. Hudson residents and businesses receive water utility services from four different providers.[1] A portion of Hudson's residents and businesses receive water utility services from Akron. In addition to a capital projects charge, Akron charges its Hudson customers a rate that is roughly 60% higher than the water rate charged to Akron customers. In

---

[1] Hudson stated in its complaint that Hudson residents, businesses, and other entities receive public water services from the City of Hudson, the City of Akron, the City of Stow, and the City of Cleveland.

November 2014, Akron began charging its residential Hudson customers a surcharge of $17.76 per month ("the Surcharge") and its commercial Hudson customers a 42% increase in water charges. A small portion of Hudson's residents and businesses receive water utility services from the City of Stow. While Stow owns the waterlines that service its customers in Hudson, Stow buys the water that flows through its waterlines from Akron. When Stow declined to charge its Hudson customers with a comparable surcharge, Akron began directly billing Stow's customers in Hudson in order to collect the Surcharge.

{¶3} Before the increase in charges, Akron notified Hudson that it was necessary to replace a major waterline known as the Twinsburg Line. The Twinsburg Line extends from a water source in Portage County to cities in the northern part of Summit County such as Hudson and Twinsburg. The cost of replacing the line will be approximately 15 million dollars and the vast majority of that cost will be absorbed by Hudson.[2] Hudson maintains that Akron imposed the Surcharge on its customers in Hudson in order to pay for the replacement of the Twinsburg Line.

{¶4} On December 12, 2014, Hudson filed a class action complaint for declaratory judgment against Akron in the Summit County Court of Common Pleas. After filing an amended complaint, Hudson filed a second amended complaint on February 9, 2015. Therein, Hudson sought a declaration that the Surcharge violates Ohio law because it is unfair and unreasonable and bears no rational relationship to the service being provided. Hudson further alleged that the unreasonable rates were implemented in order to compel Hudson to enter into an unfavorable agreement for water utility services. In addition to the declaration, Hudson sought

---

[2] Hudson stated in its amended complaint that replacing the Twinsburg Line would cost roughly 15 million dollars and that Akron's Hudson customers would be responsible for 13 million dollars of that cost.

permanent injunctive relief preventing Akron from continuing to impose the Surcharge, as well as damages.

{¶5} On February 24, 2015, Akron filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Hudson filed a memorandum in opposition to the motion to dismiss, and Akron replied thereto. Hudson then filed a surreply brief with leave of court. The trial court issued a journal entry granting the motion to dismiss on the basis that it did not have authority under Ohio law to grant the relief requested by Hudson.

{¶6} Hudson filed a timely notice of appeal. Now before this Court, Hudson raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY CONCLUDING THAT IT WAS PRECLUDED FROM STRIKING DOWN A SURCHARGE ASSESSED BY A MUNICIPAL WATER PURVEYOR TO WATER CUSTOMERS IN ANOTHER MUNICIPALITY THAT HAS NO CONTRACT FOR WATER SERVICE WITH THE PURVEYOR WHERE THE SURCHARGE IS UNFAIR, UNREASONABLE, AND HAS NO RELATIONSHIP TO THE WATER SERVICES PROVIDED.

{¶7} In its sole assignment of error, Hudson contends that the trial court erred by granting Akron's motion to dismiss. This Court disagrees.

{¶8} An appellate court reviews a trial court order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) under a de novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 4-5.

{¶9} In reviewing whether a motion to dismiss should be granted, an appellate court must accept as true all factual allegations in the complaint and all reasonable inferences must be

drawn in favor of the nonmoving party. *Rossford* at ¶ 5; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle him to recover." *Apostolos Group, Inc. v. BASF Constr. Chems., L.L.C.*, 9th Dist. Summit No. 25415, 2011-Ohio-2238, ¶ 9, quoting *Raub v. Garwood*, 9th Dist. Summit No. 22210, 2005-Ohio-1279, ¶ 4, citing *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245 (1975).

{¶10} Moreover, as a general rule, "[w]hen a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." *No-Burn, Inc. v. Murati*, 9th Dist. Summit No. 24577, 2009-Ohio-6951, ¶ 11, quoting *Bowman v. Middleburg Hts.*, 8th Dist. Cuyahoga No. 92690, 2009-Ohio-5831, ¶ 6. However, a trial court properly dismisses a declaratory judgment action pursuant to Civ.R. 12(B)(6) where there is not a justiciable issue before the court. *Davis v. Miraldi*, 9th Dist. Lorain No. 15CA010741, 2016-Ohio-868, ¶ 7; *Chafin v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 13AP-646, 2014-Ohio-1192, ¶ 14. Thus, "[i]n an action for declaratory judgment, the trial court must declare the rights of the parties or dismiss the complaint because either (1) no real controversy or justiciable issue exists between the parties or (2) the declaratory judgment will not terminate the uncertainty or controversy." *Velasquez v. Ghee*, 99 Ohio App.3d 52, 53-54 (9th Dist.1994), quoting *Miller v. Summit Cty. Bd. of Edn.*, 9th Dist. Summit No. 15847, 1993 WL 99998, *1 (Apr. 7, 1993).

## DISCUSSION

{¶11} In its October 30, 2015 journal entry, the trial court conducted a deliberate analysis regarding whether it was permissible under Ohio law for Akron to impose the Surcharge on its Hudson customers, in addition to the charges and fees that were already in place. The trial

court concluded that if Akron could not be compelled to sell water to Hudson under Ohio law, then it stands to reason that a court does not have authority to order Akron to provide water to Hudson at a particular rate. On this basis, the trial court granted Akron's motion to dismiss because Hudson failed to state a claim upon which relief could be granted.

{¶12} On appeal, Hudson contends that every utility customer in Ohio should have a mechanism for challenging their water rates. Hudson points to the Supreme Court of Ohio's decision in *State ex. Rel. Mt. Sinai Hosp. of Cleveland v. Hickey*, 137 Ohio St. 474 (1940), in support of the proposition that Akron's residential and commercial customers situated in Hudson are entitled to a reasonable rate for water services. Hudson attempts to bolster this assertion by pointing to cases such as the Eighth District's decisions in *Bedford v. Cleveland*, 8th Dist. Cuyahoga No. 33787, 1975 WL 182695 (Apr. 3, 1975) and *Lakewood v. Cleveland*, 8th Dist. Cuyahoga No. 35113, 1976 WL 191079 (July 22, 1976), wherein the court entertained challenges to water rates where extraterritorial customers argued that the rates were arbitrary and unreasonable. Hudson similarly points to the Supreme Court's decision in *Niles v. Union Ice Corp.*, 133 Ohio St. 169, 181 (1938), in support of its assertion that Akron is actually functioning as a private water purveyor and its rates should be subject to a reasonableness review. Hudson further contends that Akron is charging the unreasonable water rates in order to leverage Hudson into entering into an unfavorable contract for water utility services and to finance the replacement of the Twinsburg Line, which would allow Akron to expand its water utility operations to areas north of Hudson.

{¶13} "[A] city's power to acquire, construct, own, and operate a public utility within or without its corporate limits has been conferred upon it by Sections 4 and 6, Article XVIII, of the Ohio Construction." *Bakies v. Perrysburg*, 6th Wood Nos. WD-03-055, WD-03-062, 2004-

Ohio-5231, ¶ 38. The Supreme Court of Ohio has held that "[m]unicipally owned public utilities have no duty to sell their products, including water, to extraterritorial purchasers absent a contractual obligation." *Fairway Manor, Inc. v. Board of Com'rs of Summit Co.*, 36 Ohio St.3d 85 (1988), paragraph one of the syllabus. "Accordingly, absent a contract obligating a city to provide its services, a municipality has the authority to impose conditions on the sale of its utility services to extraterritorial users and, consequently, has the authority to refuse to sell its services to extraterritorial users who do not agree to the conditions demanded by the municipality." *Bakies* at ¶ 38, citing *State ex rel. Indian Hill Acres, Inc. v. Kellogg*, 149 Ohio St. 461 (1948), paragraph three of the syllabus. Furthermore, "a municipality does not assume a duty to continue supplying water in perpetuity to extraterritorial customers merely by virtue of having once agreed to supply it." *Fairway Manor* at 89.

{¶14} The trial court properly dismissed Hudson's complaint in this case. While Hudson urges this Court to apply a reasonableness standard similar to the standard established by the Supreme Court in *Mt. Sinai*, 137 Ohio St. 474, the instant matter has a vastly different factual posture than the circumstances the high court confronted in that case. In *Mt. Sinai*, the Supreme Court held that, where a citizen receives water utility services from his or her own municipality, "[t]he only general restraints imposed on the distribution of water are that the rates charged be reasonable and that there be no unjust discrimination among the customers served * * *." *Mt. Sinai*, 137 Ohio St. at 477. Unlike *Mt. Sinai*, this matter involves a dispute between a municipality-owned public utility and extraterritorial customers who are operating outside the bounds of a contractual agreement. Hudson's reliance on *Niles* is also misplaced as this matter does not involve a municipality functioning as a private corporation. Moreover, though Hudson points to the Eighth District's decisions in *Lakewood* and *Bedford*, we note that those decisions

were decided prior to the high court's decision in *Fairway Manor*. As noted above, the Supreme Court in *Fairway Manor* held that "[m]unicipally owned public utilities have no duty to sell their products, including water, to extraterritorial purchasers absent a contractual obligation." *Fairway Manor* at paragraph one of the syllabus. "The degree of control which the courts will exert over such public utilities is strictly limited to protecting *residents of the municipality* from the imposition of rates which are unreasonable * * *." (Emphasis sic.) *Id.* at 86-87. Thus, if Akron has no obligation to provide water services to customers in Hudson absent a contractual agreement under *Fairway Manor*, the most rudimentary extension of that holding is that Hudson customers have no right to demand reasonable water rates from Akron, unless those rates are negotiated into a contract. To conclude otherwise would frustrate the high court's holdings in both *Mt. Sinai* and *Fairway Manor* by allowing Akron's extraterritorial customers to demand essentially the same right to reasonable water rates as residents of the municipality, irrespective of whether the extraterritorial customers entered into a contractual agreement with Akron for water utility services. It follows that while Hudson suggests that every utility customer in Ohio should have a mechanism for challenging their water rates, no such right currently exists under Ohio law. Under these circumstances, the trial court properly concluded that it did not have authority to grant the relief requested by Hudson and dismissed the complaint for lack of a justiciable controversy.

{¶15} For the foregoing reasons, the assignment of error is overruled.

III.

{¶16} Hudson's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

R. TODD HUNT, AIMEE W. LANE, and BENJAMIN G. CHOJNACKI, Attorneys at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and DAVID FOLK, Assistant Director of Law, for Appellee.

STEPHEN W. FUNK and JUSTIN MARKEY, Attorneys at Law, for Appellee.