[Cite as *Brannon v. Edman*, 2018-Ohio-70.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MICHAEL BRANNON

    Appellant

    v.

DERRICK EDMAN, et al.

    Appellees

C.A. No.    28544

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-10-4593

DECISION AND JOURNAL ENTRY

Dated: January 10, 2018

CARR, Judge.

{¶1}    Plaintiff-Appellant Michael Brannon appeals from the judgment of the Summit County Court of Common Pleas dismissing his complaint. This Court reverses.

I.

{¶2}    In October 2016, Mr. Brannon filed a complaint against Defendants-Appellees Derrick and Nancy Edman ("the Edmans") asserting claims for breach of contract and fraud concerning an alleged contract for the sale of real property. The Edmans filed a motion to dismiss asserting that the breach of contract claim violated the statute of frauds and that the fraud claim was not stated with particularity. Thereafter, Mr. Brannon moved to amend the complaint asserting that, while he believed the complaint would withstand a motion to dismiss, the amended complaint would provide more specificity and resolve the issues raised by the Edmans. In addition, he filed a response to the motion to dismiss arguing that the complaint contained allegations of partial performance which removed the contract from the statute of frauds and that

he had pleaded fraud with the necessary particularity. Without specifically referring to Mr. Brannon's motion to amend or his fraud claim, the trial court granted the Edmans' motion to dismiss the complaint. The trial court appeared to conclude that the statute of frauds was applicable and that Mr. Brannon's failure to attach a written contract to the complaint warranted dismissal of the complaint.

{¶3} Mr. Brannon has appealed, raising three assignments of error for our review, which will be addressed out of sequence to facilitate our analysis.

II.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY GRANTING THE EDMANS' MOTION TO DISMISS BECAUSE BRANNON'S ALLEGATIONS EXHIBITED PART PERFORMANCE BY BRANNON AND PART PERFORMANCE OF AN ORAL AGREEMENT TO TRANSFER REAL PROPERTY SHOULD WITHSTAND SUCH A DISMISSAL MOTION.

{¶4} Mr. Brannon argues in his second assignment of error that the trial court erred in dismissing the complaint because the allegations of the complaint supported that Mr. Brannon partially performed the contract, thereby removing the contract from the statute of frauds.

{¶5} "An appellate court reviews a trial court order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) under a de novo standard of review." *Hudson v. Akron*, 9th Dist. Summit No. 28011, 2017-Ohio-7590, ¶ 8, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4632, ¶ 5. "In reviewing whether a motion to dismiss should be granted, an appellate court must accept as true all factual allegations in the complaint and all reasonable inferences must be drawn in favor of the nonmoving party." *Hudson* at ¶ 9, citing *Rossford* at ¶ 5. "To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the

complaint that the plaintiff cannot prove any set of facts that would entitle him to recover." (Internal quotations and citations omitted.) *Hudson* at ¶ 9.

{¶6} We begin by noting that the trial court appears to have dismissed the entire complaint on the basis that the statute of frauds prevented Mr. Brannon's recovery. However, the Edmans did not argue in their motion to dismiss that the fraud claim was barred by the statute of frauds. Even if we were to assume that it could be appropriate under these circumstances for the trial court to dismiss the fraud claim on the basis of the statute of frauds, because there are allegations of partial performance that would remove the agreement from the application of the statute of frauds, dismissal on that basis was error, as will be discussed below.

{¶7} In their motion to dismiss, the Edmans argued that Mr. Brannon's breach of contract claim was barred by the provisions of the statute of frauds that require that an agreement concerning the transfer of an interest of land be in writing and signed by the party to be charged as Mr. Brannon's complaint failed to allege the existence of a written agreement. Mr. Brannon opposed the motion to dismiss arguing that the court could enforce the oral agreement to transfer real estate because there were allegations of partial performance that would remove the contract from the application of the statute of frauds.

{¶8} The Edmans relied on the following provisions in support of their motion: R.C. 1335.04 and 1335.05. R.C. 1335.04 provides that "[n]o lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law." R.C. 1335.05 provides, in relevant part, that "[n]o action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or

hereditaments, or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

{¶9} Pursuant to Civ.R. 8(C), the statute of frauds is an affirmative defense. It is not included in the list of defenses that may be raised in a Civ.R. 12(B) motion to dismiss. *See Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, ¶ 10; *see also* Civ.R. 12(B). "The statute of frauds is, in fact, a fact-sensitive affirmative defense that is riddled with qualifications and exceptions." (Internal quotations and citations omitted.) *OBLH, LLC v. O'Brien,* 11th Dist. Trumbull No. 2015-Ohio-1208, at ¶ 20. Accordingly, a Civ.R. 12(B)(6) motion to dismiss based upon an affirmative defense is only properly granted where the defense is conclusively established from the face of the complaint. *See Jones v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21724, 2004-Ohio-2821, ¶ 12; *see also OBLH, LLC* at ¶ 20.

{¶10} The doctrine of part performance can remove certain agreements from the statute of frauds. *Kiser v. Williams*, 9th Dist. Summit No. 24968, 2010-Ohio-3390, ¶ 15. The Ohio Supreme Court has limited application of the doctrine to "'cases involving the sale or leasing of real estate, wherein there has been a delivery of possession of the real estate in question, and in settlements made upon consideration of marriage, followed by actual marriage.'" *Id.*, quoting *Hodges v. Ettinger*, 127 Ohio St. 460 (1934), syllabus. "The doctrine takes a case out of the operation of the statute of frauds if the acts of the parties * * * are such that it is clearly evident that such acts would not have been done in the absence of a contract and * * * there is no other explanation for the performance of such acts except a contract containing the provisions contended for by the plaintiff." (Internal quotations and citations omitted.) *Kiser* at ¶ 15.

**{¶11}** "There are generally three criteria for establishing part performance: '(1) evidence of a change in who possesses the land, (2) payment of all or part of the consideration for the land, and (3) improvements, alterations or repairs upon the land.'" *Areawide Home Builders, Inc. v. Hershberger*, 9th Dist. Summit No. 18514, 1998 Ohio App. LEXIS 340, *8-9 (Feb. 4, 1998); quoting *Geiger v. Geiger*, 2d Dist. Montgomery No. 13841, 1993 Ohio App. LEXIS 5532, *12 (Nov. 16, 1993). "Generally, the performance of only one of the three acts is insufficient to establish part performance." *Hershberger* at *9.

**{¶12}** First, we note that the complaint itself does not specify whether the agreement was written or oral. Under similar circumstances, at least one court has concluded that the complaint could be interpreted as alleging a valid written contract. *See Maguire v. Nat'l City Bank*, 2d Dist. Montgomery No. 22168, 2007-Ohio-4570, ¶ 16. Thus, there is an argument to be made that the Edmans have not demonstrated that the affirmative defense has been conclusively established. *See id.; see also Jones,* 2004-Ohio-2821, at ¶ 12. Further, that same court concluded that the failure to attach the written agreement or explain its absence did not warrant dismissal. *See Maguire* at ¶ 19.

**{¶13}** However, given that in Mr. Brannon's response to the Edmans' motion to dismiss he appears to concede that the agreement was oral, we will proceed to determine whether sufficient facts were alleged such that Mr. Brannon could possibly succeed on his claim.

**{¶14}** Mr. Brannon's complaint provides as follows:

1. Plaintiff and defendants had a contract whereby plaintiff would purchase the real property at 1323 Weiser Ave., Akron, Ohio 44314 from defendants by making monthly payments.

2. Plaintiff has diligently made the required payments to defendants as agreed.

3. Plaintiff attempted to make his Oct.[] 2016 payment to defendants, who refused to accept the payment and also refused to issue plaintiff a receipt for his house payment.

4. Defendants accepted each of his house payments and credited each against the balance remaining reducing the original amount of $21,000 to $10,474.00.

5. The agreement between these parties was that plaintiff would continue making his monthly house payments to defendants until the amount was fully paid, including taxes and insurance.

6. On the date the Oct.[] 2016 payment was due, and plaintiff tried to pay defendants and receive a receipt for his payment, defendants breached the terms of the sales agreement by refusing to take the Oct.[] 2016 payment and refusing to issue a receipt to plaintiff for this house payment.

7. Subsequently, plaintiff again tried to pay the defendants and get a receipt from defendants, but they refused to grant plaintiff a receipt and take his payment.

8. Defendants falsely induced plaintiff to make years of house payments to defendants from Oct.[] 2013 and now have breached their contract for this sale and are threatening to evict plaintiff when he is not a tenant but a purchaser of the real property located at 1323 Weiser Ave., Akron, Ohio.

9. Plaintiff relied upon the agreement of the defendants to sell him the real property and made significant improvements to the house investing time and money relying upon his receiving ownership of this property.

10. Defendants have breached the agreement with plaintiff.

11. Defendants intentionally deceived the plaintiff into making monthly payments and making improvements while they never intended to keep their agreement to sell this real property to plaintiff.

12. As the direct and proximate result of defendants' breach of contract, plaintiff has suffered damages

13. As the direct and proximate result of defendants' fraud & deception of plaintiff, plaintiff has suffered damages.

{¶15} Viewing the allegations in a light most favorable to Mr. Brannon, we conclude they are sufficient to withstand a motion to dismiss based on the affirmative defense of the statute of frauds as there are allegations which if proven would support part performance. In so doing, we remain mindful that "Ohio is a notice-pleading state" and, thus, "the plaintiff need not

prove his or her case at the pleading stage." (Internal quotations and citations omitted.) *Chunyo v. Gauntner,* 9th Dist. Summit No. 28346, 2017-Ohio-5555, ¶ 10. From the allegations, one can infer that Mr. Brannon had possession of the premises, that he paid approximately half of the amount due, that he made improvements to the property, and that he relied upon the agreement in making said improvements. *See Kiser*, 2010-Ohio-3390, at ¶ 15; *Hershberger*, 1998 Ohio App. LEXIS 340, at *8-9.

{¶16} Thus, the trial court erred in granting Edmans' motion to dismiss based upon the affirmative defense of the statute of frauds. Mr. Brannon's second assignment of error is sustained.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY GRANTING THE EDMANS' MOTION TO DISMISS BECAUSE BRANNON'S ALLEGATIONS IN THE COMPLAINT[] WERE SUFFICIENT TO GO FORWARD ON FRAUD.

{¶17} Mr. Brannon argues in his third assignment of error that the trial court erred in dismissing the fraud count because his factual allegations were sufficiently particular to survive a motion to dismiss.

{¶18} The Edmans moved to dismiss the fraud claim on the basis that the allegations were not stated with sufficient particularity. *See* Civ.R. 9(B). However, the trial court did not mention Civ.R. 9(B) in its ruling, and instead, appears to have dismissed the entire complaint on the basis of the statute of frauds. As we have determined previously that the trial court erred in dismissing the complaint on the basis of the statute of frauds, and, as the trial court has not yet considered whether the allegations were stated with sufficient particularity, we are not inclined to resolve this issue in the first instance. *See Savoy v. Kramer,* 9th Dist. Summit No. 26668, 2013-Ohio-3607, ¶ 6; *see also State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School*

*Facilities Comm.*, 9th Dist. Lorain No. 14CA010596, 2015-Ohio-435, ¶ 8. Therefore, we decline to consider the merits of this assignment of error in the first instance. Upon remand, the trial court can consider the Edmans' arguments on this point and determine whether dismissal is warranted.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT IGNORED AND DID NOT EVEN MENTION IN ITS ORDER GRANTING DISMISSAL OF THE COMPLAINT THAT BRANNON MOVED THE COURT TO AMEND HIS COMPLAINT TO GIVE MORE SPECIFICITY TO THE ALLEGATIONS.

{¶19} Mr. Brannon argues in his first assignment of error that the trial court erred in failing to mention his motion to amend his complaint and in thereby implicitly denying his motion.

{¶20} In the instant matter, the trial court never explicitly ruled on Mr. Brannon's motion to amend his complaint. "[W]e have generally held that a trial court's failure to rule [on a motion] gives rise to a presumption that the trial court has denied the motion." *GMAC Mtge., LLC v. Jacobs*, 196 Ohio App. 3d. 167, 2011-Ohio-1780, ¶ 9 (9th Dist.). Nonetheless, the absence of an explicit ruling and the lack of analysis also inherently limits this Court's ability to evaluate whether the trial court abused its discretion in denying Mr. Brannon's motion to amend. *See Copen v. CRW, Inc.*, 9th Dist. Wayne No. 15AP0064, 2017-Ohio-349, ¶ 16-17.

{¶21} Mr. Brannon sought to amend the complaint to address the Edmans' argument that his fraud claim lacked specificity. The trial court dismissed the entire complaint on the basis that the statute of frauds barred Mr. Brannon's claims. It is unclear whether the trial court denied the motion to amend the complaint because it believed that granting Mr. Brannon's motion would not alter the outcome of the proceedings in light of its conclusion regarding the statute of frauds, or whether the trial court denied the motion for another reason, notwithstanding the

preference in the rules for liberally granting said motions. *See id.* Accordingly, as this Court cannot discern the trial court's basis for denying the motion, we remand the matter to the trial court for it to clarify its reasoning. *See MSRK, LLC v. Twinsburg*, 9th Dist. Summit No. 24949, 2012-Ohio-2608, ¶ 10. If the trial court denied the motion solely based on its statute of frauds determination, then the trial court must reconsider the motion.

{¶22} Given the specific circumstances of this case, we conclude it is appropriate for the trial court to clarify its basis for denying the motion to amend and reconsider its ruling if necessary. Therefore, Mr. Brannon's first assignment of error is sustained to that extent.

III.

{¶23} Mr. Brannon's first assignment of error is sustained to the extent discussed above. Mr. Brannon's second assignment of error is also sustained. We decline to rule on the merits of the third assignment of error at this time as the trial court has yet to consider the issue.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

WILLIAM LOVE, II, Attorney at Law, for Appellant.

COLIN MEEKER, Attorney at Law, for Appellees.