[Cite as *Molnar v. Green*, 2019-Ohio-3083.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| NICK MOLNAR | C.A. No.     29072 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF GREEN, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No.     CV-2017-01-0427 |

DECISION AND JOURNAL ENTRY

Dated: July 31, 2019

SCHAFER, Judge.

**{¶1}** Defendants-Appellants, City of Green ("Green"); Gerard M. Neugebauer, in his individual capacity and as Mayor of Green; and Diane A. Calta, in her individual capacity and as Law Director of Green, appeal the judgment of the Summit County Court of Common Pleas denying their motion to dismiss on the basis of statutory immunity. For the reasons that follow, this Court affirms.

I.

**{¶2}** Plaintiff-Appellee, Nick Molnar, is a former employee of the city of Green. This matter stems from a dispute related to negotiations between Mr. Molnar and Green regarding Mr. Molnar's termination. Green is alleged to have agreed to rescind and destroy all copies of an April 5, 2016 letter terminating his employment and accepting his resignation. Pursuant to a subsequent records request made by WOIO Channel 19 (previously named as a defendant in this

action), Green eventually produced this letter as a result of public records litigation in the Ohio Court of Claims.

{¶3} Mr. Molnar initiated this action in January 2017 and proceeded upon an amended complaint filed February 15, 2017. We explained the nature of the proceedings below in a prior appeal:

> The complaint stated claims for breach of contract, negligence, injunctive relief, libel, and a claim for punitive damages that alleged grossly negligent, reckless, wanton, and willful conduct. The complaint further stated the claims were being made against Mr. Neugebauer and Ms. Calta in both their individual and official capacities. The claims against WOIO were voluntarily dismissed, and in March 2017, the remaining defendants filed a Civ.R.12(B)(6) motion to dismiss for failure to state a claim, arguing, in part, that they were immune from liability as a political subdivision and employees thereof. On May 4, 2017, the trial court denied the motion to dismiss.

*Molnar v. City of Green*, 9th Dist. Summit No. 28650, 2018-Ohio-1168 ¶ 3 ("*Molnar I*"). Green, Mr. Neugebauer, and Ms. Calta appealed the initial denial of their motion to dismiss. In that prior appeal, this Court determined that the trial court's entry did not articulate any analysis of the issues of political subdivision immunity and, because we could not adequately analyze the trial court's basis for denying immunity in a reviewing capacity, we reversed the decision and remanded the matter. *Molnar I*, at ¶ 6.

{¶4} On remand, the trial court again denied the motion to dismiss. The trial court found that—based on the pleadings—the application of political subdivision immunity was premature. Aside from the immunity arguments, the trial court denied the motion on several other grounds raised by Green, Mr. Neugebauer, and Ms. Calta in the motion to dismiss.

{¶5} Green, Mr. Neugebauer, and Ms. Calta appealed the trial court's denial of the motion to dismiss raising two assignments of error for our review. For ease of analysis, we combine these assignments of error.

II.

## Assignment of Error I

**The trial court erred by denying [Green, and Mr. Neugebauer and Ms. Calta in their official capacities] the benefit of immunity under [R.C.] 2744.**

## Assignment of Error II

**The trial court erred by denying [Mr. Neugebauer and Ms. Calta in their personal capacities] the benefit of immunity under [R.C.] 2744.**

**{¶6}** Green, Mr. Neugebauer, and Ms. Calta contend that because Green and the individuals, in both their official and personal capacities, have immunity from certain claims asserted in Mr. Molnar's complaint, the trial court erred in denying their motion to dismiss on that basis.

**{¶7}** This Court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In determining a motion pursuant to Civ.R. 12(B)(6), the court cannot rely on evidence or allegations outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶8} Ordinarily, the denial of a motion to dismiss is not a final, appealable order. *Polikoff v. Adam*, 67 Ohio St.3d 100, 103 (1993). However, R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." There is no dispute that Green is a political subdivision of the state of Ohio and that the complaint named Mr. Neugebauer and Ms. Calta both in their personal capacities as well as their official capacities as mayor and law director, respectively. Because the denial of the motion to dismiss denied Green, Mr. Neugebauer, and Ms. Calta the benefit of the political subdivision immunity, it is a final order. *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 2.

{¶9} In the motion, the parties moved for dismissal of the complaint on several grounds. Our review of this interlocutory appeal, however, is limited to the alleged errors in the portion of the trial court's decision which denied the political subdivision the benefit of immunity, and this Court lacks jurisdiction to address any other interlocutory rulings the trial court made. *Owens v. Haynes*, 9th Dist. Summit No. 27027, 2014-Ohio-1503, ¶ 8, quoting *Makowski v. Kohler*, 9th Dist. Summit No. 25219, 2011-Ohio-2382, ¶ 7-8. Therefore, our review is limited to the trial court's rejection of the Civ.R. 12(B)(6) arguments asserting immunity.

## A. Political Subdivision Immunity

{¶10} Green, Mr. Neugebauer, and Ms. Calta contend that Green and the individuals in their official capacity are immune without exception under R.C. 2744.03(A), and that the trial court erred in denying their motion to dismiss on that basis. The allegations in a complaint directed against an officeholder or employee in an official capacity is an action against the entity itself. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, paragraph one of the syllabus.

Accordingly, in this context only, we refer to Green, Mr. Neugebauer, and Ms. Calta collectively as the "Green Defendants."

{¶11} Ohio's Political Subdivision Tort Liability Act, which governs political subdivision liability and immunity, is codified in Chapter 2744 of the Revised Code. A court engages in a three-tiered analysis to determine whether a political subdivision is immune from liability for damages in a civil action. *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 10. The first tier establishes generally that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). *Moss* at ¶ 10. In the second tier, we consider the applicability of any of the five exceptions to immunity listed in R.C. 2744.02(B)(1)-(5). If any of those exceptions apply, we move to the third tier to consider whether immunity can be restored based on the defenses enumerated in R.C. 2744.03. *Id*.

{¶12} The Green Defendants argue that they are presumptively immune under R.C. 2744.02(A)(1). The Green Defendants contend that Mr. Molnar did not argue any R.C. 2744.02(B)(1)-(5) exceptions and "failed to rebut the presumption of immunity." According to the Green Defendants, Mr. Molnar is required to demonstrate one of these statutorily defined exceptions in order to overcome dismissal.

{¶13} "[A] Civ.R. 12(B)(6) motion to dismiss based upon an affirmative defense is only properly granted where the defense is conclusively established from the face of the complaint." *Brannon v. Edman*, 9th Dist. Summit No. 28544, 2018-Ohio-70, ¶ 9, citing *Jones v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21724, 2004-Ohio-2821, ¶ 12; *OBLH, LLC v. O'Brien*, 11th Dist. Trumbull No. 2013-T-0111, 2015-Ohio-1208, ¶ 20 ("Because affirmative defenses

'usually require reference to materials found outside the face of the complaint,' a Civ.R. 12(B)(6) motion to dismiss should only be granted on that basis 'where it is apparent from the face of the complaint that the defense is available.'"). Pursuant to Civ.R. 8(A), a plaintiff must plead a short and plain statement of the claims showing that he is entitled to relief, and "the complaint must [] set forth operative facts to give the opposing party 'fair notice of the nature of the action.'" *Vagas v. City of Hudson*, 9th Dist. Summit No. 24713, 2009-Ohio-6794, ¶ 10, quoting *Mogus v. Scottsdale Ins. Co.*, 9th Dist. Wayne Nos. 03CA0074, 04CA0002, 2004-Ohio-5177, ¶ 15. However, Mr. Molnar is under no obligation to prove his case in his initial pleadings and "'need not affirmatively dispose of the immunity question altogether at the pleading stage.'" *Chunyo v. Gauntner*, 9th Dist. Summit No. 28346, 2017-Ohio-5555, ¶ 10, quoting *Scott v. Columbus Dept. of Pub. Utils.*, 192 Ohio App.3d 465, 2011–Ohio–677, ¶ 8 (10th Dist.) (concluding that requiring a plaintiff to demonstrate an exception to immunity at the pleading stage would be tantamount to "requiring a plaintiff to overcome a motion for summary judgment at the pleading stage.").

{¶14} There is no "heightened pleading requirement" that would obligate Mr. Molnar to allege specific exceptions to immunity when bringing suit against a political subdivision or an employee of a political subdivision. *Rogers v. Akron City School Sys.*, 9th Dist. Summit No. 23416, 2008-Ohio-2962, ¶ 17. Contrary to the Green Defendants' position, Mr. Molnar is not required to "anticipate a political subdivision's defenses and plead specific facts to counteract a possible affirmative defense of sovereign immunity" to withstand a motion to dismiss. *Id*. at ¶ 19. The Green Defendants' argument in this regard is inconsistent with Civ.R. 8(A) and the Civ.R. 12(B)(6) standard, and the Green Defendants have not established that the basis for their

immunity defense is apparent from the face of the complaint. *See Thomas v. Bauschlinger*, 9th Dist. Summit No. 26485, 2013-Ohio-1164, ¶ 12.

{¶15} The Green Defendants next argue that the only conceivably applicable exception would be R.C. 2744.02(B)(2), which provides that a political subdivision may be "liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions[.]" Characterizing the alleged negligence as arising solely from the "production of public records", the Green Defendants summarily conclude that "responding to a public records request is a governmental function" and, therefore, cannot fit the R.C. 2744.02(B)(2) exception. The Green Defendants also argue that "[e]ven assuming an exception applies under R.C. 2744.02(B)(1)-(5) * * * the [Green Defendants are] immune from liability because the release of the April 5, 2016 letter was required and authorized by law * * *[.]" These arguments are not dispositive of the issue, because they disregard the factual allegations of the complaint and rest on the unfounded assumption that the only potentially negligent act alleged in the pleadings is the production or release of the letter. Consequently, we find that the Green Defendants have not demonstrated, based on the pleadings, that there exists no set of facts that could support an exception to immunity or entitle Mr. Molnar to relief.

{¶16} Additionally, the Green Defendants assert immunity from punitive damages pursuant to R.C. 2744.05. R.C. 2744.05(A) provides that "in an action against a political subdivision to recover damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function * * * [p]unitive or exemplary damages shall not be awarded." Although the trial court found that the "claim" of punitive damages was derivative of an independent cause of action and not subject to dismissal,

the trial court made no finding regarding the statute's prohibition on an award of punitive damages against a political subdivision. Nonetheless. the Green Defendants seek a declaration that R.C. 2744.05(A) prohibits an award of punitive damages against Green as a political subdivision. However, "[p]unitive damages are not an independent cause of action; rather, they arise incident to compensable harm." *Whetstone v. Binner*, 146 Ohio St.3d 395, 2016-Ohio-1006, ¶ 20. The Green Defendants have failed to develop an argument to demonstrate that, absent dismissal of the underlying claims, dismissal of the request for punitive damages would be appropriate in the context of a motion to dismiss for failure to state a claim upon which relief can be granted, or to show that the trial court erred by declining to determine issues of potential damages when ruling on a Civ.R. 12(B)(6) motion. Therefore, we conclude that this argument lacks merit.

{¶17} Based on the foregoing, we disagree with the Green Defendants' argument that the trial court erred in denying the motion to dismiss based on the defense of political subdivision immunity.

## B. **Employee Immunity**

{¶18} Mr. Neugebauer and Ms. Calta contend that the trial court erred by denying the motion to dismiss and, consequently, denying them the benefit of immunity as individual employees of Green regarding Mr. Molnar's claims seeking to hold them personally liable.

{¶19} Pursuant to R.C. 2744.03(A)(6), immunity extends to the individual employees of a political subdivision. However, regarding claims asserted against individual employees, we do not apply the three-tiered analysis used to determine whether a political subdivision is immune. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶ 10. "Instead, R.C. 2744.03(A)(6) provides that an employee is personally immune from liability unless '(a) [t]he employee's acts

or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code.'" *Id.*, quoting R.C. 2744.03(A)(6). "For these purposes, allegations of negligence are insufficient to overcome the immunity granted to an employee of a political subdivision who acts within his or her official duties. *Id.* citing *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356 (1994).

**{¶20}** In its ruling, the trial court indicated that Mr. Molnar pleaded sufficient facts to allege an exception for reckless conduct, gross negligence, or actions outside of one's employment committed with malicious purpose. Mr. Neugebauer and Ms. Calta argue that "[t]he trial court did not explain or identify which alleged facts had formed the basis for the exception." In addition to focusing on the trial court's failure to explain the basis for personal liability, Mr. Neugebauer and Ms. Calta also contend that Mr. Molnar "did not allege or articulate in any meaningful way how [they] were personally liable." Again, through a Civ.R. 12(B)(6) motion to dismiss, Mr. Neugebauer and Ms. Calta essentially asked the trial court to review only those facts specifically alleged in the complaint and make a finding that those factual allegations do not demonstrate an exception under R.C. 2744.03(A)(6).

**{¶21}** As we previously explained, Mr. Molnar was not required to anticipate an affirmative defense not yet raised and plead facts to establish the applicability of an exception in order for his claims to survive a Civ.R. 12(B)(6) challenge. *Rogers*, 2008-Ohio-2962 at ¶ 19. Despite Mr. Neugebauer's and Ms. Calta's claims to the contrary, Mr. Molnar had no burden to rebut a presumption of immunity at the pleading stage. Mr. Molnar was not required to overcome a motion for summary judgment in his pleading by proactively disproving an

immunity defense in the complaint. *Scott,* 2011–Ohio–677 at ¶ 8. Additionally, Mr. Neugebauer and Ms. Calta challenge whether the conduct alleged can be deemed "malicious, wanton or reckless, or done in bad faith." However, "we remain mindful that issues regarding whether an actor's conduct was malicious, wanton, reckless, or in bad faith are generally for the trier of fact to decide" and not an appropriate determination under Civ.R. 12(B)(6). *Chunyo,* 2017-Ohio-5555 at ¶ 10.

{¶22} Mr. Neugebauer and Ms. Calta have not demonstrated that it is apparent on the face of the pleadings that there exists no set of facts under which Mr. Molnar could succeed on his claim by countering the claimed defense of immunity. *Brannon*, 2018-Ohio-70 at ¶ 9.

## C. Conclusion

{¶23} Green, Mr. Neugebauer, and Ms. Calta have argued that Mr. Molnar failed to plead or demonstrate an exception to their immunity defense, but have failed to show beyond a doubt that Mr. Molnar could prove no set of facts that would entitle him to relief in light of their affirmative defense of immunity. *See O'Brien*, 42 Ohio St.2d 242 at syllabus. Because immunity is not conclusively established on the face of the complaint, dismissal pursuant to Civ.R. 12(B)(6) is not proper. *See Brannon* at ¶ 15. Accordingly, we cannot conclude that the trial court erred in declining to dismiss on the bases of the immunity raised in the motion.

III.

{¶24} Assignments of error one and two are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

FRANK H. SCIALDONE, Attorney at Law, for Appellant.

L. BRYAN CARR, Attorney at Law, for Appellee.